# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 26, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| BRADLEY PROCTOR, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1412V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion; |
| | * | Travel Time Reduction |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Diana L. Stadelnikas, Maglio Christopher and Toale, PA (FL), Sarasota, FL, for petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 27, 2016, Bradley Proctor ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed transverse myelitis as a result of an influenza vaccine administered on November 15, 2015. Petition at ¶ 6. On October 27, 2017, I issued a decision awarding compensation to petitioner based on the parties' joint stipulation. Decision dated October 27, 2017 (ECF No. 29).

On December 15, 2017, petitioner filed a motion for attorneys' fees and costs. Motion (ECF No. 33). Petitioner requests attorneys' fees in the amount of $19,375.80, and costs in the amount of $1,519.04, for a total request of $20,894.84. Id. at 1-2. In compliance with General

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Order #9, petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses while pursuing this claim.  Motion, Tab 3.

On December 15, 2017, respondent filed a response to petitioner's motion.  Respondent's Response (ECF No. 34).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On December 19, 2017, petitioner filed a reply to respondent's response.  Petitioner's Reply (ECF No. 35).  Petitioner argues that respondent provided no precise objection to his motion and that he has met his burden of establishing that he is entitled to an award of reasonable fees and costs.  Petitioner's Reply at 2-4.

This matter is now ripe for adjudication.

The requested hourly rates for petitioner's counsel and the paralegals who performed work on the case are consistent with the ranges provided in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), and the Office of Special Masters Fee Schedules for the appropriate years.[3]  I also find these rates to be reasonable and award them in full.

I have reviewed the billing records submitted with petitioner's motion.  The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task.  I find that the hours expended are overall reasonable, with the exception of 15.2 hours of travel time that petitioner's counsel billed at a full hourly rate.  Motion, Tab 1 at 6.

The Vaccine Program routinely compensates attorneys at half their normal rate for time spent traveling.  *See, e.g. Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special Masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").  *See also Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); *Scoutto v. Sec'y of Health & Human Servs.*, No. 90-3576, 1997 WL 588954, *5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  I will accordingly reduce the hourly rate for Ms. Stadelnikas by half for the 15.2 hours she spent traveling, **resulting in a reduction of $2,827.20.**

---

[3] *See OSM Attorneys Forum Hourly Rate Fee Schedules*, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed January 26, 2018).

Based on the foregoing, I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees**

| | |
|---|---|
| Requested attorneys' fees | $19,375.80 |
| Travel time reduction | - 2,827.20 |
| **Attorneys' Fees Awarded** | **$16,548.60** |

**Costs**

| | |
|---|---|
| **Attorneys' Costs Awarded** | **$1,519.04** |

| | |
|---|---|
| **Total Attorneys' Fees and Costs Awarded** | **$18,067.64** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $18,067.64, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Diana Stadelnikas, of Maglio, Christopher & Toale, P.A.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

                                                **s/Thomas L. Gowen**
                                                  Thomas L. Gowen
                                                  Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.